IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01332-WYD-MEH

HAROLD G. HELGESON,

       Applicant,

v.

BRAD DAVIS (Warden),

       Respondent.

---

### ORDER OF DISMISSAL

---

## I.    INTRODUCTION

THIS MATTER is before the Court on Applicant's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed June 8, 2009, in which he challenges BOP's determination that he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Respondent filed a preliminary response on July 30, 2009, stating that the affirmative defense of exhaustion of administrative remedies will not be raised in this action because Applicant has exhausted his administrative remedies. An order to show cause issued August 27, 2009, and a response was filed on September 22, 2009. Applicant filed a traverse on October 23, 2009. This matter is now ripe for decision.

## II.  BACKGROUND

Applicant Harold G. Helgeson is in the custody of the Bureau of Prisons ("BOP") and he currently is incarcerated at the Federal Correctional Institution (FCI) in Englewood, Colorado. He is serving a 70-month sentence for Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(A)(1), (B)(1)

and 846.[1]  In addition, he received a two-point sentence enhancement for the use or possession of weapons during the commission of the offense pursuant to U.S.S.G. 2D1.1(b)(1).  On July 21, 2009 Applicant began the BOP's Residential Drug Abuse Program ("RDAP") at FCI Englewood, and completed the program at FCI Englewood on April 28, 2009.  Prior to beginning the program, Applicant signed a Residential Drug Abuse Program Notice to Inmate form, acknowledging BOP's eligibility determination that while he was eligible to participate in RDAP, he was ineligible for early release under the program.

III.  ANALYSIS

I must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not act as a *pro se* litigant's advocate.  *See id.* An application for habeas corpus relief may be filed when an applicant alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3). The statute permits a prisoner to attack the execution of his sentence as it affects the fact or duration of his confinement. *See Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004).  When an inmate challenges the length or duration of his confinement, 28 U.S.C. § 2241 is the proper jurisdictional basis.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

---

[1]Applicant was initially sentenced to 120 months of incarceration, but his sentence was later reduced to 70 months.  Respondent states that Applicant's projected release date is October 1, 2010, via good conduct time release.  However, Applicant filed a Motion to Expedite on November 24, 2009 stating that he is scheduled to be released to a half-way house on April 5, 2010.

Here, Applicant challenges the Bureau of Prisons' determination that he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), which authorizes a sentence reduction of up to one year for inmates convicted of nonviolent offenses who successfully complete the substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B) provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

(Emphasis added). In 2000 the BOP issued a revised regulation to interpret and implement the early release provisions of § 3621(e)(2)(B). 28 C.F.R. § 550.58(a)(1)(vi)(B) provides that inmates whose current offense is a felony that involved the carrying, possession, or use of a firearm are not eligible for early release.[2] In accordance with 28 C.F.R. § 550.58(a)(1)(vi)(B) and the BOP's Categorization of Offenses Policy, the BOP determined that despite Applicants completion of the RDAP, his current offense, Conspiracy with Intent to Distribute Methamphetamine, combined with his two point sentence enhancement for the use or possession of weapons, disqualifies him for the sentence reduction. Section 7(b) of the BOP's Program Statement 5162.04, Categorization of Offenses, provides that a conviction for any of several enumerated offenses, including a conviction pursuant to 21 U.S.C. §§ 841 and 846, will preclude an inmate from early release if the offense

---

[2]28 C.F.R. § 550.58 has been superceded and is now codified at 28 C.F.R. § 550.55. This new regulation, which became effective March 16, 2009, is identical in scope to § 550.58 and provides that "[a]s an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (5) inmates who have a current felony conviction for: . . . (ii) An offense that involved the carrying, possession, or use of a firearm . . . ." 28 C.F.R. § 550.50(b)(5)(iii). I note that 28 C.F.R. § 550.58 was in effect at the time Applicant sought and was denied early release in this case.

involved the use or threatened use of force, resulting in a sentencing enhancement under the Sentencing Guidelines.

Applicant does not dispute that he is ineligible for the sentence reduction under BOP rules, but he nevertheless asserts that, pursuant to the Ninth Circuit Court of Appeals' decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), that the BOP's final rule regarding the categorical exclusion of those inmates subject to a two-point weapon enhancement recommendation in their presentence investigation report (PIR) does not comply with the Administrative Procedure Act (APA).  Respondent asserts that the United States Supreme Court has already upheld the validity of 28 U.S.C. § 550.58(a)(1)(iv) in *Lopez v. Davis*, 531 U.S. 230 (2001), and requests that I decline to adopt the reasoning set forth by the Ninth Circuit in *Arrington*, *supra*.

18 U.S.C. § 3621(e)(2)(B) grants the BOP discretion to reduce the sentence of a federal inmate convicted of a nonviolent offense up to one year upon the successful completion of RDAP.  In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court considered whether § 3621(e)(2)(B), also accorded the BOP "discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm."  *Lopez*, 531 at 238.  The Court answered this question in the affirmative, finding that the BOP's interpretation of § 3621 was reasonable, and holding that the BOP did not abuse its discretion in enacting 28 C.F.R. § 550.58(a)(1)(vi)(B).  *Id.* at 242.  The Supreme Court noted that the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision."  *Id.* at 244.

The Tenth Circuit, in accordance with the ruling in *Lopez*, has repeatedly applied 28 C.F.R. § 550.58(a)(1)(vi)(B) to hold that an inmate convicted of a felony who receives a sentencing enhancement for possessing a firearm during the commission of that offense is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See Ardry v. Rios*, 215 Fed.Appx. 776, 777-78 (10th Cir. 1997); *Herr v. Rios*, 215 Fed.Appx. 780, 781 (10th Cir. 2007).

Several years after the United States Supreme Court's decision in *Lopez*, the Ninth Circuit decided *Arrington*. In *Arrington* several inmates challenged the validity of of 28 C.F.R. § 550.58(a)(1)(vi)(B) as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," under section 706(2)(A) of the Administrative Procedure Act ("APA"). *Arrington*, 516 F.3d at 1112. The Ninth Circuit rejected both rationales the BOP asserted in defense of the regulation. It rejected the BOP's public safety rationale as a *post hoc* rationalization, and rejected its uniformity rationale for lack of an adequate explanation in the administrative record. *Id.* at 113. The court concluded that the BOP failed to articulate its rationale for categorically excluding prisoners convicted of offenses involving the carrying, possession, or use of firearms from eligibility for a sentence reduction under § 3621, rendering 28 C.F.R. § 550.58(a)(1)(vi)(B) invalid under the APA. *Id.* at 1114. Finally, the Ninth Circuit determined it was not bound by the holding in *Lopez* because "[t]he question presented in . . . *Lopez*–whether the Bureau had the authority to pass a rule narrowing the class of prisoners eligible for early release under § 3621(e)–is distinct from the question whether the rule that the Bureau passed comports with the requirements of the APA." *Id.* at 1116.

However, the Ninth Circuit's decision in *Arrington* is not binding precedent in this court and while the question presented in *Arrington* has not be directly addressed by the Tenth Circuit, to date, most courts outside the Ninth Circuit have rejected the rationale in *Arrington* as unpersuasive or contrary to *Lopez*. *See Gatewood v. Outlaw*, 560 F.3d 843, 846-849 (8th Cir. 2009); *see also Pruett v. Kastner*, 2009 WL 2253272 (W.D. OK, July 28, 2009) (unpublished) (citing numerous district court cases rejecting the reasoning set forth in *Arrington*). I find these decisions persuasive and decline to adopt the Ninth Circuit's holding in *Arrington* to find 28 C.F.R. § 550.58(a)(1)(vi)(B) invalid under the APA.

While Petitioner states on page six of his Application that "[i]t's upon the *Arrington* decision that [Petitioner] relies on for relief," I would note that the regulation found invalid in *Arrington*, 28 C.F.R. § 550.58, was recently superseded and is now codified at 28 C.F.R. § 550.55, which became effective March 16, 2009. In the administrative record accompanying 28 C.F.R. § 550.55 the BOP specifically articulated the reasoning underlying its decision to exclude inmates convicted of felony offenses that involved the carrying, possession, or use of a firearm, stating:

> There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in *Lopez v. Davis*, 'denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life.' [*Lopez*, 531 U.S.] at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences. It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. . . . Also, early release would undermine the seriousness of these offenses as

> reflected by the length of the sentence which the court
> deemed appropriate to impose.

74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).

Therefore, for the reasons set forth herein, Petitioner's claim to invalidate 28

C.F.R. § 550.58 is without merit, and his Application should be denied.

IV.  CONCLUSION

Accordingly, it is

ORDERED that the 28 U.S.C. § 2241 Application is **DENIED** and the action is

**DISMISSED WITH PREJUDICE** on the merits.  It is

FURTHER ORDERED that Applicant's Motion to Expedite is **DENIED AS MOOT**.

It is

FURTHER ORDERED that each party shall bear his own costs and attorney's

fees.

Dated:  March 19, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge